UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Case No. 21-cv-959 (ECT/LIB)

| | |
|---|---|
| *In re: M/V ONE Aquila Cargo Litigation* | **CONSOLIDATED COMPLAINT** |
| | **JURY TRIAL DEMANDED** |

Plaintiff Travelers Property Casualty Company of America and Plaintiff Navigators Management Company, Inc., as subrogee of Olukai LLC, by their attorneys, Pfefferle Kane LLP, as and for their Complaint against C.H. Robinson International, Inc., state and allege as follows:

**PARTIES**

1. Plaintiff Travelers Property Casualty Company of America (hereinafter "Travelers") is an insurance company duly organized under the laws of the State of Connecticut, with its principal place of business at 1 Tower Square, Hartford, Connecticut 06183. At all times relevant herein, Travelers was authorized to issue policies of insurance and otherwise transact business in the

State of Minnesota. Travelers is the subrogated insurer of the hereinafter described cargo.

2. Indonesian Imports, Inc. D/B/A The Sak ("Sak"), is a corporation duly organized in the State of Delaware with its principal place of business located at 440 Alabama Street San Francisco, California 94110. At all times relevant hereto, the Sak is a company that sells accessories across the globe.

3. Plaintiff Navigators Management Company, Inc. ("NMC"), is an insurance service company duly organized under the laws of the State of New York, with its principal place of business at One Penn Plaza, 50th Floor, New York, New York 10119. At all times relevant herein, The NMC manages insurance claims on behalf of itself and other related companies covering, among other things, losses to cargo in transit. By virtue of payments made for the losses described herein, NMC is subrogated to the claims for loss and damage to the hereinafter described cargo.

4. Olukai, LLC ("Olukai"), is a limited liability company duly organized under the laws of the State of Oregon with its principal place of business located at 10 Faraday Dr., Irvine, California 92618. At all times relevant hereto, Okukai is a company that sells footwear and other accessories across the globe.

5. Upon information and belief, C.H. Robinson International, Inc. ("C.H. Robinson"), is a corporation duly organized in the State of Minnesota with its principal place of business located at 14701 Charlson Road Eden Prairie, MN 55347. At all times relevant hereto, C.H. Robinson was a corporation engaged in business as bailees, common carriers, Vessel Operating Common Carriers, and/or Non Vessel Owning Common Carriers for hire, within the United States and within this judicial district.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter in controversy arises out of the violation of the Carriage of Goods by Sea Act, 46 U.S.C. § 30701. Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333.

7. Venue lies with this Court pursuant to 28 U.S.C. § 1391 because Defendant resides within the judicial district of Minnesota.

8. This Court has personal jurisdiction over Defendant named herein because, at all times relevant hereto, this dispute involves a multimodal Bill of Landing issued in Minnesota.

## FACTUAL ALLEGATIONS

*Travelers a/s/o The Sak*

9. Sak and C.H. Robinson entered into a contract of carriage, whereby C.H. Robinson agreed to carry 3420 units of Leather Handbags (the "Travelers Cargo") from Phnom Penh, Cambodia to Long Beach, California and to deliver the Cargo in good order, quantity, and condition.

10. On or about October 11, 2020, Defendant issued an International Multimodal Bill of Landing No. CHRKHR20926 ("BOL").

11. Travelers' insured, the Sak, was the consignee and had title and risk of loss to the Travelers Cargo during transit.

12. On or about October 11, 2020, the Travelers Cargo was delivered to C.H. Robinson in good order and condition and pursuant to the BOL.

13. During transit, the ship transporting the Travelers Cargo lost several shipping containers overboard, including the shipping container carrying the Travelers Cargo.

14. As a result, C.H Robinson failed to deliver the Travelers Cargo to its destination in good order, condition, and quantity.

15. The damages to the Travelers Cargo totaled $125,562.36.

16. Travelers issued a policy of insurance to the Sak insuring the subject Travelers Cargo against loss or damage to transit (hereinafter "Policy").

17. Under the terms of its Policy with Sak, Travelers paid $125,562.36 for damages caused to the Travelers Cargo by C.H. Robinson and, by virtue thereof, Travelers has become legally, contractually, and equitably subrogated to the rights of the Sak to recover against C.H. Robinson to the extent of the payments made.

*Navigators Management Company, a/s/o Olukai, LLC*

18. Olukai and C.H. Robinson entered into a contract of carriage, whereby C.H. Robinson agreed to carry 4,860 cartons of footwear stowed in seven shipping containers (the "Navigators Cargo") from Da Nang, Vietnam, to Los Angeles, California, United States, and to deliver the Cargo is good order, quantity, and condition.

19. Upon information and belief, on or about October 4, 2020, Defendant issued an International Multimodal Bill of Landing No. 334072421HCM ("BOL").

20. Navigators Insurance Company, Inc. ("NIC"), issued a policy of insurance to Olukai insuring the subject Navigators Cargo against loss or damage during transit (hereinafter "Policy").

21. NIC's insured, OluKai, was the consignee and had title and risk of loss to the Navigators Cargo during transit.

22. On or about October 4, 2020, the Navigators Cargo was delivered to C.H. Robinson and/or its agents in good order and condition and pursuant to the BOL.

23. During transit, the ship transporting the Navigators Cargo lost several shipping containers overboard, including one of the shipping container carrying the Cargo.

24. In addition to losing one container of the Navigators Cargo, the remaining six containers transporting the Navigators Cargo were damaged.

25. As a result of the loss of one of the containers and damages sustained by the other six containers, C.H Robinson failed to deliver the Navigators Cargo to its destination in good order, condition, and quantity.

26. The damages to the Navigators Cargo, including lost product, repackaging, inspection, and survey fees, total $893,197.69.

27. Pursuant to the terms of NIC's Policy with Olukai, NMC paid $893,197.69 for damages caused to the Navigators Cargo and, by virtue thereof,

NMC has become legally, contractually, and equitably subrogated to the rights of Olukai to recover against C.H. Robinson to the extent of the payments made.

## FIRST CAUSE OF ACTION:
## VIOLATION OF 46 U.S. CODE § 1303 AGAINST C.H. ROBINSON

Travelers and Navigators, as and for its first cause of action, incorporates the above Paragraphs and further states and alleges as follows:

28. Upon information and belief, at all times relevant C.H. Robinson was and is a carrier within the meaning of 46 U.S.C. § 30701.

29. C.H. Robinson accepted the Travelers Cargo and Navigators Cargo pursuant to a multimodal bill of lading.

30. C.H. Robinson accepted the Travelers Cargo and Navigators Cargo in good order and condition.

31. C.H. Robinson had a duty under 49 U.S. Code § 1303 to deliver the Travelers Cargo and Navigators Cargo to the Destination in good order and condition.

32. C.H. Robinson breached its duty by failing to deliver the Travelers Cargo and Navigators Cargo to the Destination in good order and condition.

33. Pursuant to 49 U.S. Code § 1303, C.H. Robinson is liable for the actual loss to the Travelers Cargo and Navigators Cargo.

34. As a direct result of C.H. Robinson's failure to deliver the Travelers Cargo to the Destination in good order and condition, Travelers compensated Sak in an amount of $125,562.36 for the value of the Cargo.

35. Pursuant to the terms of the Policy, Travelers has paid $125,562.36 for the damages caused by C.H. Robinson, and is therefore legally, contractually, and equitably subrogated to the rights of Sak to recover against C.H. Robinson to the extent of the payments made.

36. As a direct result of C.H. Robinson's failure to deliver the Cargo to the Destination in good order and condition, NMC compensated Olukai $893,197.69 for damages to the Cargo, including, but not limited to lost product, repackaging, inspection, and survey fees.

37. Pursuant to the terms of the Policy, NMC has paid $893,197.69 for the damages caused by C.H. Robinson, and is therefore legally, contractually, and equitably subrogated to the rights of Olukai to recover against C.H. Robinson to the extent of the payments made.

**WHEREFORE**, Plaintiff Travelers Property Casualty Company of America, demands judgment against Defendant C.H. Robinson International, Inc., in an amount of $125,562.36, together with reasonable costs and disbursements incurred

herein, prejudgment and post judgment interest thereon, and Plaintiff Navigators Management Company, Inc., as subrogee of Olukai LLC, demands judgment against Defendant C.H. Robinson International, Inc., in an amount of $893,197.69, together with reasonable costs and disbursements incurred herein, prejudgment and post judgment interest thereon, and for any other relief the Court deems just and equitable.

Dated: February 28, 2022   PFEFFERLE KANE LLP

  /s/ David G. Watson
Jessica K. Allen, MN #0386843
David G. Watson, MN #0397104
100 North Sixth Street
600A Butler Square Building
Minneapolis, MN 55403
(612) 573-3000
jallen@pfefferlekane.com

*Attorneys for*
*Plaintiff Travelers Property Casualty*
*Company of America*
*and*
*Plaintiff Navigators Management*
*Company, Inc.*